**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO:**

KAREN MENDOZA,

    Plaintiff,

v.

COMPASSIONATE COMFORT
CARE INC., a Florida corporation,
And PEGGY BOOTHE, individually.

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, KAREN MENDOZA ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, COMPASSIONATE COMFORT CARE INC., ("CCC"), and PEGGY BOOTHE ("BOOTHE"), individually, (hereinafter collectively referred to as "Defendants"), on behalf of herself, as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of federal minimum wages and overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all minimum and overtime wages that Defendants refused to pay Plaintiff during her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, CCC, was a Florida for profit corporation located and transacting business within West Palm Beach, Florida, within the jurisdiction of this Honorable Court.  According to www.sunbiz.org, Defendant, CCC is headquartered and operates its principal location at 2101 Vista Parkway, Suite 222, West Palm Beach, Florida 33411.[1]

4. Defendant, CCC, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. During all times material hereto, Defendant, BOOTHE, was a resident of the Southern District of Florida, and was Chief Executive Officer, Chief Financial Officer, and an owner of the corporate Defendant within West Palm Beach, Florida.

6. During all times material hereto, Defendant, BOOTHE, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices for Defendant, CCC, during the relevant time period.

7. During all times material hereto, Defendant, BOOTHE, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

8. All acts and omissions giving rise to this dispute took place within Palm Beach County, Florida, which falls within the jurisdiction of this Honorable Court.

---

[1] Meanwhile, on its own website, Defendant, CCC, advertises its "corporate office" as being located at 2101 Vista Parkway, Suite 4040, West Palm Beach, Florida 33411 – a location within this Honorable Court's jurisdiction.  *www.compassionatecomfort.com/home-care-contact-us*

9. Defendant, CCC, is headquartered and regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

10. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

11. Defendant, CCC, is a home healthcare agency that provides staffing services to homeowners throughout the State of Florida.

12. Defendant, CCC, has been in operation in the State of Florida since November 2012.

13. Defendant, CCC, advertises itself on its website as follows:

> We're an empathetic in-home service provider that understands the special needs of your loved ones. We are dedicated to help seniors lead dignified and independent lifestyles in the comfort and safety of their own homes…
>
> Our compassionate personnel are devoted employees, whom are carefully selected to fulfill the personal interests and needs of our clients daily.

*www.compassionatecomfortcare.com/about-us*

## FLSA COVERAGE

14. Defendant, CCC, is covered under the FLSA by virtue of the fact that it employs individuals (such as Plaintiff) as domestic service employees and sends these employees to residential homes in Palm Beach County to engage in manual labor and work that does not qualify them for any exemption under the FLSA.

15. During the relevant time period, Defendants employed Plaintiff as a domestic service worker[2] who provided live-in home healthcare services to a homeowner in Palm Beach County.

16. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, CCC and BOOTHE, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

17. Plaintiff began working for Defendants on or about November 26, 2018, and continued to do so until about June 6, 2019.

18. During this time period, the individual Defendant, BOOTHE, assigned Plaintiff to provide live-in domestic services as a home healthcare aide to one of Defendant's elderly clients – "G.S."

19. Defendants instructed Plaintiff to report to the "G.S." residence where she was instructed by Defendants to reside and provide domestic services for "G.S."

20. Defendants assigned Plaintiff to work sixteen (16) hour days seven (7) days per week for a period of twenty-eight (28) weeks.

---

[2] Congress extended FLSA coverage to "domestic service" workers in 1974. *See 29 U.S.C. § 206(f); see, also, 29 U.S.C. § 207(i).* This amendment extended FLSA coverage to employees performing household services in a private home, including those domestic workers employed directly by households or by companies too small to be covered as enterprises under the FLSA. *See, e.g.,* Switala v. Rosenstiel, 2017 WL 7792713 at *4 (S.D. Fla. 2017) ("It is well-established that the FLSA applies to domestic service employees") *citing* Buckner v. Florida Habilitation Network, Inc., 489 F.3d 1151, 1154 (11th Cir. 2007). A Department of Labor regulation defines "domestic service employment" as "services of a household nature performed by an employee in or about a private home," including "companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors… **home health aides**, personal care aides" etc. [emphasis added]. *Id. citing 29 C.F.R. § 552.3.*

21. Even though Plaintiff was required to be on the premises of the residence at all times, Plaintiff was provided a rest period of up to (8) hours each day, which was intended to be used for Plaintiff to sleep.

22. Defendants originally offered to compensate Plaintiff on a daily rate of one hundred twenty dollars ($120.00) per day – regardless of the number of hours worked by Plaintiff in a day.

## INDIVIDUAL EMPLOYER LIABILITY

23. During all pertinent times to Plaintiff's employment, Defendant, BOOTHE, oversaw the day-to-day operations of CCC and instructed Plaintiff and other employees on their duties and responsibilities.  Defendant, BOOTHE, also controlled the scheduling and payroll practices and policies of the company.

24. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper compensation.

## CALCULATION OF WAGES OWED

25. For a period of twenty-eight (28) weeks, Defendants failed to properly compensate Plaintiff in accordance with the federal minimum wage of $7.25 per hour.

26. For this same period of twenty-eight (28) weeks, Defendants failed to properly compensate Plaintiff at the rate of one-and-a-half times her regular hourly rate for all hours worked in excess of forty (40) per week.

27. Prior to filing the instant lawsuit, and for a period of nearly eight (8) months, Plaintiff made several attempts to recover the wages owed to her.

28. To date, Defendants have only provided Plaintiff with a gift card in the amount of $500.00 and refuse to otherwise compensate Plaintiff for the thousands of hours of work she performed.

29. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206
(Against All Defendants)

30. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 29 as though set forth fully herein.

31. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

32. During the time period relevant to this lawsuit, Plaintiff worked an average of one hundred twelve (112) hours per week, for which she was not properly compensated.

33. While Defendants communicated that Plaintiff would receive one hundred twenty dollars ($120.00) per day, the Plaintiff was not properly compensated under the FLSA.

34. Plaintiff is entitled to recover federal minimum wages for the first forty (40) hours she worked in each workweek during the twenty-eight (28) weeks of her employment.

35. Plaintiff seeks unpaid federal minimum wages in the amount of $7.25 for the first forty (40) hours of her employment for a period of twenty-eight (28) weeks.

36. Based upon the Defendants' failure to comply with the federal minimum wage law, Plaintiff seeks unliquidated damages in the amount of $8,120.00.

37. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the FLSA as Defendants knew of the minimum wage requirements of the FLSA

and/or recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA. The statute of limitations in this action should therefore be three (3) years as opposed to two (2) years.

38. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

39. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, KAREN MENDOZA, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, COMPASSIONATE COMFORT CARE INC., and PEGGY BOOTHE, and award Plaintiff: (a) unliquidated minimum wage damages in the amount of $8,120.00 to be paid by the Defendants jointly and severally; (b) liquidated damages in the amount of $8,120.00 to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

### COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207
**(Against All Defendants)**

40. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 29 as though set forth fully herein.

41. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

42. During the time period relevant to this lawsuit, Plaintiff worked an average of one hundred twelve (112) hours per week, for which she was not properly compensated.

43. Plaintiff worked an average of seventy-two (72) hours of overtime in each of the twenty-eight (28) weeks of her employment with Defendants.

44. Plaintiff therefore claims the time-and-one-half rate for each hour worked in excess of forty (40) per week.

45. Plaintiff seeks a premium of $10.88 for each overtime hour worked, which constitutes time-and-one-half of the federal minimum wage of $7.25.

46. Based upon the seventy-two (72) overtime hours worked in each week of her employment, Plaintiff claims $783.36 in unliquidated overtime wages for each week of her employment.

47. In total, Plaintiff seeks twenty-one thousand nine hundred thirty-four dollars and eight cents ($21,934.08) in unliquidated damages for roughly 2,016 hours of unpaid overtime work performed during the employment period.

48. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA as Defendants knew of the overtime requirements of the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with federal law.

49. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

50. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

51. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, KAREN MENDOZA, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, COMPASSIONATE COMFORT CARE INC., and PEGGY BOOTHE, and award Plaintiff: (a) unliquidated overtime damages in the amount of $21,934.08 to be paid by the Defendants jointly and severally; (b) liquidated

damages in the amount of $21,934.08 to be paid by the Defendants jointly and severally; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, KAREN MENDOZA, requests and demands a trial by jury on all appropriate claims.

Dated this 24th day of January 2020.

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Karen Mendoza*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*
*Stephanie@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 24, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## **SERVICE LIST:**